J-A34024-14
J-A34025-14
J-A34026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.D. & | : | IN THE SUPERIOR COURT OF |
| A.D., MINORS | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.D. & P.D., | : | |
| MATERNAL GRANDPARENTS | : | No. 1124 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Juvenile Division, at Nos. CP-21-DP-0000122-2011
and CP-21-DP-0000124-2011.

| | | |
|---|---|---|
| IN RE: ADOPTION OF J.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF: J.D. & P.D., | : | |
| MATERNAL GRANDPARENTS | : | No. 1209 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Orphans' Court, at No. 5 Adoptions 2013.

| | | |
|---|---|---|
| IN RE: ADOPTION OF A.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPEAL OF: J.D. & P.D., | : | |
| MATERNAL GRANDPARENTS | : | No. 1210 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Orphans' Court, at No. 6 Adoptions 2013.

J-A34024-14
J-A34025-14
J-A34026-14

| | | |
|---|---|---|
| IN THE INTEREST OF: J.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.D. | : | No. 1201 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Juvenile Division, at No. CP-21-DP-0000124-2011.

| | | |
|---|---|---|
| IN THE INTEREST OF: A.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.D. | : | No. 1202 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Juvenile Division, at No. CP-21-DP-0000122-2011.

| | | |
|---|---|---|
| IN RE: ADOPTION OF J.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.D. | : | No. 1211 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Orphans' Court, at No. 5 Adoptions 2013.

| | | |
|---|---|---|
| IN RE: ADOPTION OF A.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.D., MOTHER | : | No. 1212 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Orphans' Court, at No. 6 Adoptions 2013.

J-A34024-14
J-A34025-14
J-A34026-14


| | | |
|---|---|---|
| IN RE: ADOPTION OF J.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.O., BIOLOGICAL FATHER | : | No. 1213 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Orphans' Division, at No. 5 Adoptions 2013.


| | | |
|---|---|---|
| IN RE: ADOPTION OF A.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.O., BIOLOGICAL FATHER | : | No. 1214 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Orphans' Court, at No. 6 Adoptions 2013.


| | | |
|---|---|---|
| IN THE INTEREST OF J.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.O., BIOLOGICAL FATHER | : | No. 1219 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Juvenile Division, at No. CP-21-DP-000124-2011.


| | | |
|---|---|---|
| IN THE INTEREST OF A.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.O., BIOLOGICAL FATHER | : | No. 1220 MDA 2014 |

Appeal from the Order Entered June 20, 2014,
In the Court of Common Pleas of Cumberland County,
Juvenile Division, at No. CP-21-DP-000122-2011.


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and STABILE, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 16, 2015**

We have consolidated these three appeals *sua sponte* for ease of disposition. This case began when Cumberland County Children and Youth Services ("CYS") filed a petition for a permanency goal change for A.D. and J.D. ("the Children") from reunification to adoption, and a petition for termination of the parental rights of K.D. ("Mother") and J.O. ("Father"). After multiple days of hearings, the trial court granted both petitions. J.D. and P.D. ("Grandparents"),[1] who were permitted to intervene as a kinship resource, appeal from the goal change order. Mother and Father appeal from both the goal change and termination orders.

The trial court provided a complete summary of the facts and procedural history in its August 20, 2014 opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). Given that summary and the parties' familiarity with these matters, we will not repeat the facts and procedural history in this memorandum.

On appeal, Grandparents present the following issue for our review:

A. Whether the Trial Court erred in finding that it would be in the best interest of the children to place the children for adoption when kinship resources were available, specifically in this case with the maternal grandparents, who were willing, able, capable, bonded to and ready to adopt the children at issue and/or have the children placed with them.

---

[1] J.D. is Mother's father, and P.D. is Mother's step-mother.

Grandparents' Brief at viii.

Mother raises the following issues in her appeal:

Did the Trial Court err as a matter of law and abuse its discretion in determining that Cumberland County Children and Youth Services ("CYS") presented evidence so clear, direct, weighty, and convincing as to enable the fact finder to come to a clear conviction without hesitancy, of the truth of the precise facts in issue?

Did the Trial Court err as a matter of law and abuse its discretion in determining the best interests of the children would be served by changing the permanency goal from reunification to adoption, when the evidence indicated that Mother could provide for the children's needs and appropriately parent the children?

Did the Trial Court err as a matter of law and abuse its discretion in determining the best interests of the children would be served by terminating the parental rights of Mother, when the evidence indicated that the original reasons for placement of the children no longer exist or had been substantially eliminated?

Did the Trial Court err as a matter of law and abuse its discretion in determining the best interests of the children would be served by changing the goal to adoption; terminating Mother's parental rights; and placing the children in separate foster care, when the evidence indicated that maternal grandparents, with whom the children have a significant bond, presented as an available resource to care for the children together?

Mother's Brief at 5–6.

Father submits the following issues for our consideration:

Did the Trial Court err as a matter of law and abused [sic] its discretion in changing the goal to adoption and terminating Appellant's parental rights because a parent's absence or failure to support his or her child due to incarceration is not, in itself, conclusively determinative of the issue of parental abandonment?

-5-

Did the Trial Court err as a matter of law and abuse its discretion in changing the goal for the subject children to adoption and terminating Appellant's parental rights because Appellant is able to provide the subject children with the essential parental care, control and subsistence in the very near future?

Did the Trial Court err as a matter of law and abuse its discretion in terminating Appellant's parental rights in that the conditions which led to the removal or placement of the children no longer existed or were substantially eliminated?

Did the Trial Court err in determining the best interest of the children would be served by terminating Appellant's parental rights?

Did the Trial Court err in determining the best interests of the children would be served by changing the goal for the subject children to adoption, terminating parental rights and placing the children in foster care, when maternal grandparents have a significant bond, have presented as a resource for the children and Father shall be an available resource in the near future?

Father's Brief at 5.

We employ an abuse-of-discretion standard when reviewing an order changing the placement of a dependent child. *In re D.S.*, ___ A.3d ___, 2014 WL 5088795 (Pa. Super. filed October 10, 2014). Similarly:

appellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. *In re: R.J.T.*, 608 Pa. 9, 9 A.3d 1179, 1190 (Pa.2010). If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. *Id.*; *In re R.I.S.*, 614 Pa. 275, 36 A.3d 567, 572 (Pa.2011) (plurality). As has

-6-

been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. *Id.* Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. *Id.*

As we discussed in *R.J.T.*, there are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. *R.J.T.*, 9 A.3d at 1190. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion.

*In re I.E.P.*, 87 A.3d 340, 343–344 (Pa. Super. 2014) (quoting *In re Adoption of S.P.*, 47 A.3d 817, 826–827 (Pa. 2012)).

The statutory requirements for a goal change are found in 42 Pa.C.S. § 6351. The trial court must consider the various factors listed therein with the best interest of the child in mind. *In re R.J.T.*, 9 A.3d at 1183–1184. The termination of parental rights is governed by 23 Pa.C.S. § 2511, which requires a bifurcated analysis:

Our case law has made clear that under Section 2511, the court must engage in a bifurcated process prior to terminating parental rights. Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and

> convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

> *In re L.M.*, 923 A.2d 505, 511 (Pa.Super.2007) (citing 23 Pa.C.S.A. § 2511). The burden is on the petitioner to prove by clear and convincing evidence that the asserted statutory grounds for seeking the termination of parental rights are valid. *In re R.N.J.*, 985 A.2d 273, 276 (Pa.Super.2009).

*In re I.E.P.*, 87 A.3d at 344.

The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence. *In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004). If competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result. *In re Adoption of T.B.B.,* 835 A.2d 387, 394 (Pa. Super. 2003). Additionally, this Court need only agree with the trial court's decision as to any one subsection in order to affirm the termination of parental rights. *In re I.E.P.*, 87 A.3d at 344.

J-A34024-14
J-A34025-14
J-A34026-14

Mindful of the foregoing law, we have reviewed the certified record, the parties' briefs, and the relevant law. We discern no abuse of discretion or error of law by the trial court. The Honorable Albert H. Masland conducted multiple hearings in 2013 and 2014 and received testimony over five days from therapists, bonding evaluators, outpatient and counseling supervisors, case workers, counsellors, adoptive parents, Mother, Father, and Grandparents. Judge Masland's well-written opinion to this Court comprehensively and accurately distills and disposes of the issues raised in these appeals. Trial Court Opinion, 8/20/14, at 1–37. We thus adopt the trial court opinion as our own and affirm on that basis. The parties shall attach a copy of the opinion in the event of future proceedings.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015